UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRAVIS RUSSELL, individually and on behalf of all other persons similarly situated who were employed by LAMOTHERMIC PRECISION CASTING CORP., A/K/A LAMOTHERMIC CORP., AND ANY RELATED ENTITIES

       Plaintiff,

-against-

LAMOTHERMIC PRECISION CASTING CORP., A/K/A LAMOTHERMIC CORP., MICHAEL STEELE, AND DANA CIULLO, A/K/A DONNA CIULLO, in their representative capacities,

       Defendants.

No. 19-cv-2310 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

On March 14, 2019, Defendants Lamothermic Precision Casting Corp., a/k/a Lamothermic Corp. ("Lamothermic"), Michael Steele, and Dana Ciullo, a/k/a Donna Ciullo (collectively, "Defendants"), removed this action from the New York State Supreme Court, Dutchess County, pursuant to 28 U.S.C. § 1446. (ECF No. 1.) Plaintiff Travis Russell ("Plaintiff") now moves to remand this case back to state court. (ECF No. 13.) Plaintiff maintains that the Notice of Removal filed by Defendants was defective, and that Defendants were not entitled to remove the action because they were in default in state court. Defendants oppose the motion. For the following reasons, Plaintiff's motion is DENIED.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/2020

1

# BACKGROUND[1]

Plaintiff represents that he commenced this action on December 10, 2018, by filing a Summons with Notice in the Supreme Court of the State of New York, Dutchess County, under Index No. 53999/18.[2] (Decl. of Brooke D. Youngwirth, Esq. ("Youngwirth Decl. 1") (ECF No. 13) ¶ 4.) The Summons with Notice states, "Plaintiff brings this class action lawsuit pursuant to Article 9 of the New York Civil Practice Law and Rules, on behalf of himself and a putative class of individuals for violations of New York Labor Law, the New York Wage Theft Prevention Act, and 12 NYCRR 142-2.2 for damages in excess of $100,000.00, plus costs and attorneys' fees, along with punitive and statutory damages." (*Id.* Ex. A.) Defendants were personally served with the Summons with Notice on December 18, 2018, and December 19, 2018, respectively.[3] (*Id.* Ex. B.)

On or about January 22, 2019, Defendants sent a Demand for a Complaint via first class mail to Plaintiff. (*See* Pl.'s Mem. of Law in Support of Remand ("Pl. Mem.") (ECF No. 14) at 1–2; Youngwirth Decl. 1 Ex. D.) Plaintiff advised Defendants via email that their responses to the Summons with Notice were due on January 7, 2019, and January 8, 2019, respectively, and that it was Plaintiff's position that Defendants were in default. (Youngwirth Decl. 1 Ex. D.) Plaintiff's counsel further represented that she had drafted a motion for default judgment. (*Id.*) No such motion has ever

---

[1] Because the instant motion is limited to jurisdictional issues, this section provides only procedural background information as relevant to such issues.

[2] The Dutchess County Supreme Court document list attached to the Declaration of Brooke D. Youngwirth, Esq. ("Youngwirth Declaration") indicates that the first document filed in the state action was a "Corrected" Summons with Notice. (Decl. of Brooke D. Youngwirth, Esq. ("Youngwirth Decl. 1") (ECF No. 13) Ex. C.) That document was filed on December 18, 2018. (*Id.*) Plaintiff states that the correction was requested by the Clerk because Defendant Steele's name was misspelled in the original Summons. (*See* Reply Decl. of Brooke D. Youngwirth, Esq. ("Youngwirth Decl. 2") (ECF No. 16) ¶ 5, Ex. I.)

[3] While Plaintiff purported to serve Steele both "individually and as representative of Lamothermic," the affidavit of service submitted with Plaintiff's moving papers indicates that "a copy" of the Summons with Notice was served on Steele. (*Id.*; *see* Defs.' Mem. of Law in Opp. to Remand ("Defs. Mem.") at 3 (stating that only one copy of the Summons was served on Steele).) However, Plaintiff's attorney avers that she served two copies on Steele at a deposition he was attending in another matter, but that one copy may have been picked up my Steele's attorney. (Youngwirth Decl. 2 ¶¶ 3–4.)

been filed.  (*See id.* Ex. C.)

Ultimately, on February 13, 2019, Plaintiff sent a Verified Complaint via email and regular mail to Defendants' counsel.  (*Id.* Exs. D & E.)  In addition to Plaintiff's state claims, the Verified Complaint alleged, for the first time, violations of the federal Fair Labor Standards Act ("FLSA").  (*Id.* Ex. E ¶ 2.)  Defendants sought to extend their time to respond to the Verified Complaint until March 29, 2019, and Plaintiff agreed to such an extension, though no formal stipulation was executed.  (*Id.* Ex. D.)  On March 14, 2019, Defendants filed a Notice of Removal in this Court.  (ECF No. 1.)

On April 11, 2019, Plaintiff submitted a letter to the Court seeking permission to file either motion for default judgment or a motion to remand.  (ECF No. 7.)  On April 29, 2019, Defendants filed their Answer.  (ECF No. 12.)  Pursuant to a briefing schedule set by the Court at a conference on May 2, 2019, Plaintiff was directed to serve a motion to remand by May 10, 2019.  The motion was fully submitted as of June 24, 2019. (ECF Nos. 13, 14, 15, & 16.)

## LEGAL STANDARD

A "civil action" initially filed in state court may be removed by the defendant to the federal district court embracing the place where the state court action is pending, so long as the district court has original subject matter jurisdiction over the plaintiff's claim.  *See* 28 U.S.C. § 1441; *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 271 (2d Cir. 1994).  However, the removal jurisdiction of the federal courts is limited and should be "scrupulously confine[d]."  *Shamrock Oil & Gas Corporation v. Sheets, et al.*, 313 U.S. 100, 109 (1941) (quotations omitted); *Noel v. J.P. Morgan Chase Bank N.A.*, 918 F. Supp. 2d 123, 125 (E.D.N.Y. 2013).  "Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *James v. Gardner*, No. 04-cv-1380, 2004 WL 2624004, at *1 (E.D.N.Y. Nov.10, 2004) (citing *In re NASDAQ Market Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996)).

3

Removal to a federal district court generally must occur "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). An exception exists to the 30-day removal deadline, however, when "the initial pleading is not removable." *Id.* § 1446(b)(3). In circumstances where the initial pleading is not removable,

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which *it may first be ascertained* that the case is one which is or has become removable.

*Id.* (emphasis added). Federal courts stringently enforce the 30-day removal timeline absent a showing of waiver or estoppel. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (recognizing that the "statutory procedures for removal are to be strictly construed").

In cases of removal, the removing party bears the burden of establishing that all jurisdictional requirements have been met. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *see also United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Where subject matter jurisdiction is lacking, "the Court is obligated to decline removal and remand [the] case." *Newman & Cahn, LLP. v. Sharp*, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005); *see also* 28 U.S.C. § 1447(c); *United Food & Commercial Workers Union, Local 919*, 30 F.3d at 301.

**DISCUSSION**

Plaintiff does not contest that, if a Notice of Removal were properly filed, this Court would have federal question jurisdiction over Plaintiff's FLSA claims and is authorized to exercise supplemental jurisdiction over his state law claims, which arise from the same set of facts.[4] *See* 28

---

[4] To be sure, Plaintiff previously offered to consent to removal of this action if Defendants agreed to consolidate it with another case pending before this Court. (*See* Youngwirth Decl. 1 Ex. D.)

4

U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1367(a) (in general, in any civil action of which a district court has original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ."); *see also Shahriar v. Smith & Wollensky Restaurant Group*, 659 F.3d 234, 246 (2d Cir. 2011) (concluding that New York Labor Law and FLSA claims form part of the same case or controversy). Plaintiff contends, however, that the Notice of Removal was deficient for several reasons. Plaintiff's primary challenge to the Notice of Removal is based on Defendants' alleged default in responding to the Summons with Notice, and, subsequently, the Verified Complaint. Plaintiff avers that since Defendants did not respond to the Summons with Notice and Verified Complaint within the timeframe specified by the New York Civil Practice Law and Rules, they lacked the ability to remove the action to federal court.

In support of his proposition that a party may not remove an action if it is in default in the underlying state court action, Plaintiff cites to two district court decisions. In *Licciardi v. City of Rochester*, No. 10-CV-6165-CJS, 2010 WL 4116732 (W.D.N.Y. Oct. 19, 2010), the court remanded a case to state court because the defendants did not timely file their notice of removal. *See* 28 U.S.C. § 1446(b). The court found that the plaintiff's service of a summons with notice, which stated that plaintiff's claims were based on "'denial of New York *and federal* civil and constitutional rights, including, without intending to limit Equal Protection of the Law, Due Process of Law, Free Speech and Freedom of Association . . . ,'" was sufficient to give the defendants notice that some of the plaintiff's claims rested on federal law, "thus triggering the removal time clock under [28 U.S.C.] § 1446." *Licciardi*, 2010 WL 4116732, at *3 (quoting pleadings). The court further noted, in determining that the plaintiff was entitled to an award of attorneys' fees, that it was

5

undisputed that the defendants were in default at the time they filed their notice of removal. *Id.* at *4–*5. However, the court did not suggest that the defendants' default at the state level divested the court of subject matter jurisdiction.

In *Higgins v. Yellow Cab Corp.*, 68 F. Supp. 453 (N.D. Ill. 1946), the second case cited by Plaintiff, the moving defendant argued that when the plaintiff moved in state court to enter a default judgment against the resident defendant, the plaintiff thereby voluntarily removed the resident defendant from the case, leaving the action wholly between citizens of different states such that removal to federal court became appropriate. The Illinois district court rejected that argument, holding that the entry of a default judgment against the resident defendant after expiration of the time within which a removal petition was ordinarily required to be filed did not render the case removeable by a non-resident defendant. *Id.* at 454–55.

Both of the cases cited by Plaintiff are inapposite to the facts at hand. Here, Plaintiff's Summons with Notice provided no basis for federal question jurisdiction. Accordingly, the thirty-day removal clock was triggered by Defendants' receipt of the Verified Complaint. *See U.S.E. Productions, Ltd. v. Marvel Enterprises, Inc.*, 314 F. Supp. 2d 213, 215 (S.D.N.Y. 2004) (where summons with notice does not allow defendant to ascertain removability, "the complaint serves as the initial pleading" for purposes of the thirty-day period in 28 U.S.C. § 1446). Defendants timely filed their Notice of Removal on March 14, 2019, twenty-nine days after their receipt of the Verified Complaint on February 13, 2019.[5]

---

[5] Plaintiff states that because he sent the Verified Complaint to Defendants' counsel by email and regular mail rather than properly serving it on Defendants in accordance with the New York Civil Practice Law and Rules and filing it in state court, "Defendants were precluded from removing the action on the basis of the allegations within the Complaint. . ." (Pl.'s Mem. of Law in Further Support of Mot. to Remand ("Pl. Reply") (ECF No. 16) at 4.) In effect, Plaintiff challenges the propriety of his own service of the Verified Complaint and asks that the Court deem such service a nullity, which would render Defendants' removal premature. However, 28 U.S.C. § 1446(b)(3) authorizes the filing of a notice of removal "within thirty days after receipt by the defendant, *through service or otherwise*, of a copy of" the pleading or paper "from which it may first be ascertained" that the case is removable. 28 U.S.C. § 1446(b)(3) (emphasis added). Plaintiff's argument that the Verified Complaint was never served is particularly weak given his assertions elsewhere that Defendants defaulted in answering the Verified Complaint, (Pl. Mem. at 6), and the fact that

Moreover, while the court in *Licciardi* separately considered the defendants' undisputed default in state court[6] in determining whether an award of attorneys' fees to the plaintiff was appropriate, Plaintiff has identified no case standing for his proposed rule that a party's default in state court alone precludes removal. *See Vasquez v. J.M. Products, Inc.*, 2004 WL 1124646, at *3 (S.D.N.Y. 2004) ("Plaintiffs' claim that 'since all defendants are presently in default in State Court they are precluded from filing for removal,' . . . is unsupported by either the facts or the law presented to this Court." (quoting party submission)). To the contrary, courts in this Circuit have heard claims removed from state court even where a default judgment has been entered against the defendant at the state level. *See Marks v. Blount-Lee*, 16-CV-3524, 2017 WL 3098094 (E.D.N.Y. July 20, 2017) (finding, upon removal, that state's entry of default judgment against defendant was void, and that even if it were not void, the court would exercise its discretion to vacate the default judgment); *Tarbell v. Jacobs*, 856 F. Supp. 101, 103–05 (N.D.N.Y. 1994) (finding that state default judgment which was signed by the state judge, but not filed by the clerk, at the time of removal was ineffective, and that even if it were effective, it could properly be vacated by a federal court since the defendant answered the complaint in accordance with Fed. R. Civ. P. 81(c) after removal); *Gray v. Permanent Mission of People's Republic of Congo to the United Nations*, 443 F. Supp. 816, 821 (S.D.N.Y. 1978) (holding that the "existence of a default judgment entered by the state court prior to removal should not impede" the court's inquiry into the sufficiency of original service, and that the state's default judgment "may be examined by the federal district court and vacated if sufficient grounds are presented" (citing cases)); *see also Lipin v. Danske Bank*, 130 A.D.3d 470 (N.Y. App.

---

Plaintiff entertained Defendants' request for an extension of time to respond to the Verified Complaint prior to removal, (Youngwirth Decl. Ex. D). Plaintiff's provision of the Verified Complaint to Defendants' counsel, in his capacity as their representative, at minimum constituted delivery of the Verified Complaint to Defendants, such that their time to remove began to run.

[6] Even if *Licciardi* were applicable here, Defendants in this case distinguish themselves from the *Licciardi* defendants by vigorously contesting their default. (Defs. Opp. at 9.)

Div. 2015) (state court properly denied plaintiff's motions for default judgments on basis of lack of jurisdiction where notice of removal was timely and properly filed, and federal district court had subject matter jurisdiction over all claims asserted).

Here, Plaintiff did not take any steps to hold Defendants in default prior to removal, although he had ample time to do so between Defendants alleged default in January 2019 and the filing of the Notice of Removal in March 2019.[7] Even if he had, that would not, by itself, divest this Court of jurisdiction over Plaintiff's claims. Defendants timely filed their Notice of Removal and provided a "short and plain statement of the grounds for removal," along with the Summons with Notice and Verified Complaint. (ECF No. 1.) That Defendants failed to attach Plaintiff's affidavits of service to the Notice of Removal does not warrant remand. Nor does Defendants' statement that the action was commenced by Verified Complaint rather than by Summons with Notice, particularly because Defendants provided the Court with a copy of the Summons with Notice in their initial filing. Finally, there is no requirement that an attorney file a notice of appearance in state court prior to filing a notice of removal. Plaintiff points to no caselaw supporting his position that any of the foregoing *de minimis* defects require a court to remand a case that is otherwise properly removed.

Accordingly, Plaintiff's motion to remand is denied. To the extent that Plaintiff seeks to hold Defendants in default, the Court may properly consider the merits of an appropriate application, if the Plaintiff chooses to make one.[8] However, the Court cautions Plaintiff that given

---

[7] The assertion of Plaintiff's counsel that she had drafted an application for default judgment prior to Defendant's demand for a complaint makes it all the more perplexing that Plaintiff never filed such an application. That Plaintiff expected Defendants to make certain concessions and sign a stipulation does not explain why Plaintiff delayed in filing his purported default papers for nearly two months.

[8] Plaintiff states that he "has a Certificate of Default awaiting signature filed with the Clerk's Office for the Southern District of New York." (Pl. Mem. at 3.) As a preliminary matter, that Plaintiff believes this Court is empowered to enter a default judgment against Defendants even as he contests this Court's subject matter jurisdiction indicates either a lack of understanding as to the meaning of jurisdiction, or, more likely, an awareness that his jurisdictional arguments are thin. In any event, the Court's examination of the docket did not reveal that any proposed certificate has been filed.

the facts currently presented to it, as well as the strong preference for resolving disputes on the merits, such an application is far from a guaranteed success.

## CONCLUSION

As Defendants have set forth a legal basis for removal, Plaintiff's motion to remand this action to state court is DENIED. The parties are directed to complete a Case Management Plan and Scheduling Order (blank form attached hereto). Said Scheduling Order shall be submitted to chambers by February 28, 2020. After review and approval of the Scheduling Order, the Court will issue an Order of Reference to Magistrate Judge Judith C. McCarthy for general pretrial purposes. The parties are directed to contact Judge McCarthy within seven (7) business days of the date of the Order of Reference to schedule a conference. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 13.

Dated: January 6, 2020
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

9

UNITED STATES DISTRICT COURT  Rev. May 2014
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

                                                    Plaintiff(s),       **CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**

- against -

                                              Defendant(s).      _____ CV _____ (NSR)

-----------------------------------------------------------------x

       This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____. Any party seeking to amend its pleadings after that date must seek leave of court via motion.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders,

non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York
 _____

_____
Nelson S. Román, U.S. District Judge